UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LCC ENTERPRISES LLC, a Delaware limited liability company, and DANIEL COHEN, an individual,<br><br>                               Plaintiffs,<br><br>v.<br><br>ROMAN CRESTO, an individual, JOHN CRESTO, an individual, and STRYDER HOLDINGS LLC, a California limited liability company,<br><br>                               Defendants. | Case No.: 22cv1944 DMS(BGS)<br><br>**ORDER DENYING MOTION TO FILE EXHIBIT A TO COMPLAINT FOR DAMAGES UNDER SEAL** |

On December 8, 2022, Plaintiffs filed the present case in this Court by submitting a Complaint along with three Exhibits. One of those Exhibits, Exhibit A, is the Agreement underlying Plaintiff's third claim for breach of contract. That Agreement contains a confidentiality clause, and based thereon, Plaintiffs now move to file that Exhibit under seal.

"Courts have long recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "Following the Supreme

1

Court's lead, [the Ninth Circuit starts] with a strong presumption in favor of access to court records.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

To overcome this presumption in favor of access, a party seeking to seal a document filed with the Court must meet the "compelling reasons" standard. *Id.* "Under the stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1096-97 (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "The Court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at 1179). A "compelling reason" may exist "when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99). This "compelling reasons" standard applies to all pleadings that are "more than tangentially related to the merits of a case." *Id.* at 1101.

Here, the document Plaintiffs wish to file under seal, Exhibit A to the Complaint, is central to the merits of Plaintiffs' case. Indeed, it is the Agreement upon which Plaintiffs base their third claim for breach of contract. As such, it is subject to the "compelling reasons" standard.

Plaintiffs do not address this standard in their motion to file Exhibit A under seal. Rather, they rely solely on a confidentiality clause in the Agreement in support of their motion to seal. However, the mere fact that an "agreement may contain a confidentiality provision, without more, does not constitute a *compelling* reason to seal the information."

1  *WatchGuard Technologies, Inc. v. iValue Infosolutions Pvt. Ltd.*, No. C15-1697-BAT,
2  2017 WL 3581624, at *2 (W.D. Wash. Aug. 18, 2017).  Absent any other showing of a
3  compelling reason to seal Exhibit A, the Court denies Plaintiffs' motion to file that
4  document under seal.

5  **IT IS SO ORDERED**.

6  Dated:  January 11, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court